[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2005
THOMAS K. KAHN
CLERK

No. 04-15678
Non-Argument Calendar

_____

D. C. Docket No. 03-01892-CV-JTC-1

JEANNE BROWN,
MASON BROWN,

Plaintiffs-Appellants,

versus

CHEVY CHASE BANK, FSB,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 27, 2005)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's grant of summary judgment in favor of Chevy Chase Bank on plaintiffs's complaint seeking Truth and Lending Act rescission under 15 U.S.C. § 1635. Specifically, the plaintiffs sought judicial enforcement of their alleged cancellation of a loan transaction, claiming that they delivered the notice of rescission to the person who served as witness and notary public on the loan documents at the same time they signed and delivered the loan documents themselves. The case was referred to a magistrate judge under 28 U.S.C. § 636 *et seq.* The magistrate judge filed a report and recommendation recommending that the bank's motion for summary judgment be granted. After conducting a *de novo* review, the district court, in a separate opinion, adopted the magistrate judge's report and recommendation and entered summary judgment for the bank.

We review *de novo* the district court's order granting summary judgment, applying the same legal standards that governed the district court. *Info. Sys. and Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).

After reviewing the record and reading the parties' briefs, we conclude that the district court correctly granted summary judgment for the bank for the following reasons: (1) the bank objected to service of process in its answer and thus did not waive its objections to insufficient service of process and jurisdiction;

2

(2) the plaintiffs are estopped from seeking judicial enforcement of an alleged cancellation, where, at their behest, a court of competent jurisdiction necessarily found that the subject transaction had not been rescinded and was in full force and effect; and (3) even if the fully executed notice of cancellation was delivered as alleged, the delivery was defective and cannot serve as the basis for judicial enforcement.

**AFFIRMED.**